**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. 26-CR-30012-MGM |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW D. EMERALD, | ) | |
| *Defendant* | ) | |

**DEFENDANT, ANDREW D. EMERALD'S**
**MOTION FOR RELEASE WITH CONDITIONS**
**PURSUANT TO 18 U.S.C. § 3142**

Defendant Andrew D. Emerald, through counsel, respectfully moves this Court for release on bond with appropriate conditions pursuant to the Bail Reform Act, 18 U.S.C. §3142.  The government may rely on Defendant's online posts, but the record does not support pretrial detention under the Bail Reform Act.  Defendant has no access to firearms and the charge is based entirely on historical speech, not action.

As discussed below, Defendant can return to his residence in Great Barrington, MA, where he has lived for years.  Each of the statutory factors under §3142(g) supports release, and the government cannot meet its burden to show otherwise.

**Procedural Background**

On March 19, 2026, a United States Grand Jury returned an indictment charging the Defendant with transmitting a true threat in interstate commerce, in violation of 18 U.S.C. §875(c). **ECF No. 4**. The charge arises from alleged online statements made May

3, 2025 through July 7, 2025. *Id.*

Defendant was arrested on  April 1, 2028. **ECF No. 11.**  He appeared before this Court on the same day, was found indigent, and counsel was appointed. **ECF No. 13-16.** The government moved for detention pursuant to18 U.S.C. § 3142(f)(l)(A),  **ECF No. 9 & 17,**  and the Court ordered Defendant temporarily detained pending a detention hearing set for April 6, 2026. **ECF No. 16.**

Pretrial Services issued a report and addendum identifying areas of concern but still recommending pretrial release with a number of pretrial release conditions, ensuring any of those concerns would be managed.  The detention hearing commenced on April 1, 2026, and was continued to April 6, 2026. **ECF No. 16**.

### If Released Defendant May Lawfully Return to His Residence

Defendant can return to his longtime residence, (7 years, since 2019), at  27 Christian Hill Road, Apartment 18, Great Barrington, MA.  At present, the residence is legally occupied, stable, and appropriate for supervised release.

### Legal Standard

Under the Bail Reform Act, the Court must order pretrial release on personal recognizance or unsecured bond unless it finds that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of the community.  *18 U.S.C.§3142(b)*.  Detention is the exception, not the rule.

To justify detention, the government bears the burden of proof:  it must establish a serious risk of flight by a preponderance of the evidence, or danger to the community by

clear and convincing evidence. *United States v. Salerno,* 481 U.S. 739, 755 (1987); *18 U.S.C. § 3142(f)*.

## Summary of Argument

Though the allegations may draw attention, the legal question before the Court is narrow: whether any conditions can reasonably assure Defendant's appearance and the safety of the community. The record shows that they can.

Defendant is not charged with any act of physical violence, nor with possession or use of weapons. No firearms were recovered, and the government does not allege any contact with potential victims or efforts to evade law enforcement. Defendant lives alone, has no passport, no foreign contacts, and can return to a known residence in Great Barrington.

If the Court finds concerns warrant close supervision, the Bail Reform Act provides a range of conditions that can be tailored to this case. Pretrial Services and the Court have broad authority to fashion release terms that reasonably mitigate risk. Detention is not warranted under the governing legal standard.

## Argument

### A. Defendant Does Not Pose a Serious Flight Risk.

The record does not support a finding that Defendant is likely to flee or avoid prosecution. He has lived in the District of Massachusetts his entire life and currently resides at a known address in Great Barrington, MA. He has no passport, no history of international

travel, and no known ties abroad.

Although he is currently disabled and has limited income, he has remained in the area and was arrested, after initial misunderstanding, without incident.  The government does not allege that Defendant attempted to evade arrest or obstruct the investigation in this case.

Defendant has a limited criminal record, but has no history of absconding or fleeing from pending charges.  On this record, the government cannot meet its burden to show, by a preponderance of the evidence, that Defendant is a serious flight risk.

**B.  Defendant Does Not Present an Unmanageable Danger to the Community.**

To justify detention on grounds of dangerousness, the government must prove, by clear and convincing evidence, that no condition or combination of conditions can reasonably assure the safety of the community.  *18U.S.C.§ 3142(t)*; *United States v. Salerno,* 481 U.S. 739, 752 (1987).  This standard is forward-looking and fact-specific; it cannot rest solely on the nature of the charge or past misconduct.  *United States v. Dominguez,* 783 F.2d 702, 706 (7th Cir. 1986).

Defendant has a limited criminal history, including a 2007 conviction for various drug offenses.  However, Defendant received a sentence of conditional discharge  (CWOF) and successfully completed it without further incidents.

In this case, Defendant is not charged with physical violence or weapons possession. The government's allegations involve online statements.  No contraband was recovered during prior searches, and there is no evidence that Mr. Emerald attempted to act on the statements or contact any of the named individuals.

4

Pretrial Services has raised concerns about potential risk, but those concerns do not warrant detention. The Bail Reform Act provides a framework for release supported by conditions tailored to individual circumstances. On this record, the government has not shown that Defendant presents a danger that cannot be reasonably managed through such measures.

### C.  All Four § 3142(g) Factors Weigh in Favor of Release.

Under *18 U.S.C. § 3142(g)*, the Court must evaluate four statutory factors in determining whether any conditions of release can reasonably assure the defendant's appearance and the safety of the community:(1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and(4) the nature and seriousness of the danger posed by release. Each of these factors supports Defendant's release.

### (1) Nature and Circumstances of the Offense:  Online Speech, Not Violence.

The charged offense involves online speech, not conduct. Defendant's alleged posts were not accompanied by any attempts to contact law enforcement, conduct surveillance, or carry out violent acts. There is no evidence that he acted or intended to act on the content of the alleged statements.

Critically, the Bail Reform Act does not permit pretrial detention as a proxy for punishment or a judgment on guilt. Although the Court may consider the nature of the offense under § 3l42(g)(1), Courts have cautioned that a pretrial detention decision

should not effectively prejudge the merits.  "Pretrial detention is based on risk of flight and danger, and not on the determination of guilt and punishment." *United States v.Warneke,*199 F.3d 906, 908 (7thCir. 1999).  Detention must rest on a forward-looking assessment: The decision must be based on an assessment of the risk that the defendant poses to the community in the future, not simply the riskiness of his alleged offense.

**(2) Weight of the Evidence:  No Overt Acts Alleged.**

The legal question of whether the alleged posts meet the standard for a 'true threat' under §875(c) remains unresolved and is not before the Court at this stage.  The parties have agreed to proceed by proffer, and the undersigned understands the relevant factual record to be limited to the four corners of the complaint and any materials tendered by the government. There is no allegation of planning or attempted violence, and the government's case rests entirely on historical speech, not overt action.

**(3) Defendant's History and Characteristics Support Release.**

Defendant has lived in this district his entire life and currently resides at a known address in Great Barrington.  He has no history of international travel, no passport, and no known foreign contacts.  Although he has limited income and is not employed, he has stable housing and longstanding ties to the area.

His record includes a 2007 conviction for drug offenses  in the Falmouth District Court, for which he received a sentence of conditional discharge (CWOF).  He completed that sentence without further incident, and there is no indication that he failed to appear or violated conditions in that matter.

**(4) No Specific Danger Justifying Detention.**

Pretrial Services has recommended release with certain conditions and the question before the Court is whether any conditions can reasonably assure community safety. As discussed, the alleged conduct in this case involved online speech, not weapons, threats of direct contact, or acts of violence. Defendant is not alleged to have pursued or attempted to locate the named individuals, and prior searches have not yielded firearms or contraband.

The Bail Reform Act provides a range of conditions that can be tailored to this case. On this record, the government has not shown that any danger posed by Defendant cannot be reasonably mitigated through supervision.

## Conclusion

Pretrial detention is a carefully limited exception to the presumption of release. The government bears the burden to show that no conditions can reasonably assure the Defendant's appearance or the safety of the community. It has not met that burden here.

Defendant has deep ties to the community, no history of flight, and no record of failing to comply with court orders. The alleged conduct involves online speech, not violence, weapons, or physical threats. Nothing in the record supports a finding that Defendant poses a danger that cannot be managed through conditions. For these reasons, and based on the full record, Defendant respectfully requests release on bond with appropriate conditions to be set by the Court.

The Defendant
Andrew D. Emerald

Dated: April 6, 2026

By:    /s/Bernard T. O'Connor, Jr.
BERNARD T. O'CONNOR, JR.
His Attorney
1391 Main Street, Suite 1022
Springfield, MA 01103
(413) 781-5311
Fax 413-746-2707
boconnor@omcp-law.com

**Certificate of Service**

I certify that on April 6, 2026, a true and correct copy of the foregoing document

was served on all counsel of record via the Court's CM/ECF system.

   /s/B.T. O'Connor, Jr.
BERNARD T. O'CONNOR, JR.

# Exhibit A

# Letters